**ASIATIC TRANS–PACIFIC, INC.,**
Appellant,

v.

**A. G. MADDOX, Appellee.**

**No. 20654.**

United States Court of Appeals
Ninth Circuit.

Jan. 19, 1967.

W. Scott Barrett, David S. Madis, Walter Ferenz, of Barrett, Ferenz & Trapp, Oakland, Cal. and Agana, Guam, for appellant.

Harold W. Burnett, Atty. Gen., John C. Dierking, Jr., Asst. Atty. Gen., Agana, Guam, for appellee.

Before HAMLEY and ELY, Circuit Judges, and MATHES, District Judge.

ELY, Circuit Judge:

Seeking abatement of additional gross receipts taxes assessed by the appellee in his capacity as Commissioner of Revenue and Taxation of the Government of

Guam, the appellant commenced this action in the District Court pursuant to 48 U.S.C. § 1424(a) (Sec. 22(a), Organic Act of Guam, as amended). The appeal to our court, which has jurisdiction founded upon 28 U.S.C. §§ 1291 and 1294 (4), is from a judgment upholding the assessment.

Appellant's tax returns for the years 1961, 1962 and 1963, during which time the appellant, a California corporation, conducted a crating, packing, and draying business in Guam, are the subjects of the disputed assessment. The corporation's activities were of two sorts. The first involved appellant's acting as principal in performing military contracts to pack, crate, and transport goods from one Guamanian military base to another and in performing local civilian moves and general hauling operations in the Territory. Gross receipts tax liability for these activities is not denied. It is the second type of activity, in which appellant acted as agent for several mainland van and storage companies in handling both inbound and outbound shipments, with which the dispute is concerned. Appellant contends that, as applied to this branch of its business, the tax is violative of the commerce clause of the federal constitution.

In its capacity as agent, the appellant handles the Guam portion of the movement of household goods and effects between Guam and points on the mainland. On a move originating in Guam, it packs, crates, and hauls the goods on its own vehicles, in a "through" or sealed container, to the Commercial Port of Guam, where it arranges for ocean transportation on civilian bottom. On arrival at destination, the container is handled by another agent of the principal van and storage company and delivered to an agent handler who completes the move to its final destination. On a move terminating in Guam, the "through" containers are picked up at the port and delivered by the appellant, as agent for the principal van and storage company, to the final destination. For both types of shipments, the appellant receives from the principal, as compensation for its services in Guam, a portion of the total transportation charge, determined by the weight of the goods shipped.

The briefs of both parties explore the question of whether the movements conducted by appellant, wholly within the Territory of Guam but being a portion of a more extensive interstate journey, are moves in interstate commerce or whether they are separable therefrom. Although we have no doubt that appellant would be deemed to be engaged in interstate commerce in performing that service, we do not regard this determination as dispositive of the ultimate issue.

■ The challenged tax, levied under sections 19540 and 19541.03 of the Government Code of Guam (rev. ed. 1961),[1] is imposed upon the privilege of doing business within the Territory. It is measured, in the case of a "service business," of which appellant's is one, by the amount of the gross income of such a business. In upholding a similar tax levied by the State of Washington, the Supreme Court has observed that, despite historic reluctance to accept state taxation measured by gross receipts from interstate commerce, it is now "well established that taxation measured by gross receipts is constitutionally proper *if it is fairly apportioned.*" General Motors

---

[1] "§ 19540. Levy. There is hereby levied and shall be assessed and collected monthly privilege taxes against the persons on account of their businesses and other activities in Guam measured by the application of rates against values, gross proceeds of sales or gross income, as the case may be.
§ 19541. Rates. The following rates shall apply in computing, assessing and collecting the gross receipts tax:

&ast; &ast; &ast; &ast; &ast;

.03. Tax on Service Business. Upon every person engaging or continuing within Guam, in any service business or calling not otherwise specifically taxed under this Section, a tax equivalent to two per cent (2%) of the gross income of such business."

Corp. v. Washington, 377 U.S. 436, 440, 84 S.Ct. 1564, 1568, 12 L.Ed.2d 430 (Emphasis supplied.), rehearing denied, 379 U.S. 875, 85 S.Ct. 14, 13 L.Ed.2d 79 (1964). Appellant's contention is that the court below, finding that a portion of appellant's activities constituted interstate commerce, upheld the assessment only because of appellant's failure to demonstrate how much of its revenue was derived from such commerce. Appellant urges that the duty to apportion is governmental and non-delegable and that the District Court's delegation of that duty to the appellant has resulted, in effect, in the upholding of an unapportioned gross receipts tax.

In Central Greyhound Lines of N. Y. v. Mealey, 334 U.S. 653, 68 S.Ct. 1260, 92 L.Ed. 1633 (1948), the taxpayer, a common carrier, challenged the validity of a gross receipts tax which the State of New York levied on the entire revenue from the carrier's transportation of passengers between two points within the state. The Supreme Court held that, since nearly 43% of the route lay in New Jersey and Pennsylvania, the taxpayer was engaged in interstate commerce and that, hence, the levy was invalid. The Court suggested, however, in dictum, that a tax measured by the gross receipts from the transportation apportioned as to the mileage within the state could be constitutionally sustained. 334 U.S. at 663, 68 S.Ct. 1260.

Consideration of two Supreme Court decisions which, in reliance upon the *Greyhound* dictum, upheld state privilege taxes measured by gross receipts in situations analogous to that involved in the instant case leads us to the conclusion that the assessment here made by the appellee was proper. In Interstate Oil Pipe Line Co. v. Stone, 337 U.S. 662, 69 S.Ct. 1264, 93 L.Ed. 1613 (1949), the taxpayer owned and operated pipe lines used to transport oil from tanks in Mississippi oil fields to loading racks adjacent to railroads located elsewhere within the state. From these racks the oil was pumped into railroad tank cars for shipment to points outside the state. When delivered to the taxpayer, the oil was accompanied by shipping orders indicating the out-of-state destinations. A Mississippi tax measured by receipts for transporting oil from the tanks to the railroad loading platforms was sustained. Announcing the judgment of the Court in an opinion in which three other Justices concurred, Mr. Justice Rutledge observed that it was unnecessary to decide whether or not the taxpayer's operation of an intrastate pipe line was interstate commerce, for, even if it could be so characterized, the tax would be valid since it was apportioned to activities carried on wholly within the taxing state. Mr. Justice Butler concurred in the result, basing his concurrence on the ground that operation of the pipe line was intrastate commerce.

■ Canton R. Co. v. Rogan, 340 U.S. 511, 71 S.Ct. 447, 95 L.Ed. 488 (1951), dealt with a gross-receipts-measured franchise tax imposed upon steam railroad companies by the State of Maryland. The taxpayer, a common carrier, operated a line which lay entirely within the Maryland city of Baltimore, but it claimed that that portion of its revenue which derived from the transportation of goods moving in interstate and foreign commerce should be exempt from inclusion in the measuring base. Noting that a nondiscriminatory gross receipts tax on an interstate enterprise may be sustained if fairly apportioned to business done within the taxing state and that, where transportation is concerned, apportionment according to mileage within the state is an approved method, the Court held that, since the taxpayer's activities were confined within the State of Maryland, a franchise tax measured by its entire gross receipts was not offensive to the commerce clause.

■ The rationale of *Greyhound* and *Canton R. Co.* is controlling here. Even if the appellant had handled and been paid for the entire move between Guam and the mainland, that rationale would compel a holding that the challenged tax may constitutionally be applied to the

portion of the transportation charges representing the services performed by appellant in Guam. Since all of appellant's services, though they touch goods moving in interstate commerce, are carried on within the Territory, a privilege tax which is measured by its entire gross receipts from those services is not constitutionally proscribed.

There is no merit in appellant's contention that the court has imposed a non-delegable governmental function upon it. The district judge did no more than to require that the appellant establish what portion of its gross receipts, if any, was derived from services rendered beyond the borders of the taxing jurisdiction. A taxpayer claiming immunity from a tax has the burden of establishing his exemption. Norton Co. v. Dept. of Revenue, 340 U.S. 534, 537, 71 S.Ct. 377, 95 L.Ed. 517 (1951). The District Court properly held that the appellant failed to meet that burden.

Affirmed.